UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JENNIFER BROOKS, STEPHANIE CHENG,
GIULIETTA CONSALVO AND MICHELLE
HASIUK and SARAH JO LAMMERS

:   DOCKET NO. 08 CV 8539
:   (DLC)

                Plaintiffs,

:   **CONFIDENTIALITY
:   STIPULATION AND ORDER**

         v.

HT REST, NYC, LLC
d/b/a/ HAWAIIAN TROPIC ZONE
RESTAURANT, BAR & LOUNGE,
and NATIONAL RESTAURANTS
MANAGEMENT, INC.

                Defendants.

-----------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 9/17/09 |

      Whereas the parties to this Action have agreed to enter into a Confidentiality Stipulation and Order to protect confidential information that may hereinafter be disclosed in the conduct of discovery herein, or the trial hereof, and to facilitate the exchange of discovery but without waiver of any party's right to object to the introduction of such information at trial or any other stage of this action:

      It is hereby stipulated and agreed by the parties to this Action and Ordered by this Court that:

      1.     This Order shall govern the use, treatment and disclosure during the course of the within litigation of all Confidential Information (as hereinafter defined) that is produced in this proceeding in discovery, at trial, in preparation for trial, or otherwise, by Plaintiffs, Defendants

and/or other Qualified Persons (as hereinafter defined) or in response to a subpoena or any discovery request issued in this Action.

2. As used in this Order, the following terms shall have the following meanings:

(a) "Information" shall mean all documents, records, data and other information, whether written, oral tape-recorded video taped, electronically stored or computerized (and in the case of testimony, all transcripts thereof).

(b) "Confidential Information" shall mean all Information designated as Confidential Information as set forth herein and/or which contains, records, reflects, refers to or in any way describes (i) the business or operations of defendants or (ii) any other communication, statement, writing, matter or thing that is privileged or otherwise protected from disclosure, is confidential or proprietary.

(c) "Disclosure" shall mean, in whole or in part to disclose, show, reveal, give, provide, transmit, deliver, disseminate, describe, explain, summarize, abstract or copy. "Disclose" shall also mean a further disclosure of Information that previously has been disclosed.

(d) "Qualified Person(s)" shall mean:

(i) The Court and its employees;

(ii) Outside or in-house counsel of the parties, and employees of counsel of the parties who are working on this litigation;

(iii) Parties, officers, directors and employees of any of the parties to this action who are assisting counsel in the prosecution or defense of this action;

(iv) Actual and potential deposition or trial witnesses in this action; and

80058688

(v)     Independent experts and their employees retained by any of the parties to this action or their counsel who are assisting in either the prosecution or defense of this action.

(e)     "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(f)     "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with the depositions, document production or otherwise.

3.  (a)     Any party to this Action may designate Information as Confidential Information by placing or affixing on such material or any part thereof the words "Confidential" or "Subject to Protective Order."

4.  Deposition or hearing testimony may be designated as Confidential Information by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. The first page of any transcript of testimony in which Confidential Information is revealed or discussed shall be clearly stamped "Confidential."

5.  The inadvertent or other disclosure of Confidential Information by a producing party, regardless of whether the Confidential Information was so designated at the time of disclosure, shall not be deemed to constitute a waiver in whole or in part of the producing party's claim of confidentiality or of its rights in respect thereof either as to the specific Information disclosed or as to any other Information relating thereto or on the same or a related subject matter.

(a) Production of Information in this litigation which is otherwise subject to attorney-client, work product or other privilege shall not constitute a waiver of any such privilege in any other litigation, arbitration or legal proceeding, and shall not constitute a waiver in this litigation of any privilege with respect to the subject matter of the Information or Defendants' work produce privilege, and, if such production is inadvertent, shall not constitute a waiver of any privilege whatsoever.

6. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. The parties shall then consult in good faith in an effort to resolve the matter. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. On any such motion, the Producing party will have the burden of establishing that the document or other materials at issue are Confidential Information and entitled to protection as such under the Federal Rules of Civil Procedure.

7. Confidential Information shall be and may be used solely for the prosecution or defense of the claims or defenses asserted in this litigation and for no other purpose whatsoever, and shall not be disclosed to any individual or entity except as expressly provided for herein or by specific order of this Court.

8. (a) Confidential Information shall be disclosed only to Qualified Persons.

(b) Before being provided with access to Confidential Information, each Qualified Person in categories 2(d)(iii) and (v) above to whom Confidential Information is disclosed, as a condition to such disclosure, shall first have read and agreed in writing to be bound by this Order and each Qualified Person in category 2(d)(iv) above to whom Confidential Information is disclosed, as a condition to such disclosure, shall first have read and agreed to be bound by this Order.

9. (a) In the event that counsel for any party determines to file in this Court any Confidential Information or to submit to the Court any such document or information contained therein for any purpose, such document or Confidential Information shall be filed or submitted under seal, and shall be kept under seal to be opened only as the Court shall direct. For anything filed under seal pursuant to this paragraph, or for anything filed with the court containing Confidential Information or direct reference(s) to Confidential Information, a redacted version of the pleading or document -- or where an entire document is confidential, a letter indicating such -- shall be filed with the court and served on all parties. Such redacted version -- or letter, in the case of a wholly confidential document -- shall be part of the public court record.

(b) In the event that counsel for any party determines to utilize any Confidential Information as trial exhibits, or offer the same or otherwise utilize Confidential Information in open court, as aforesaid, via witness testimony, oral argument or otherwise, that party shall give all other parties to this litigation, ten days actual advance written notice of its intention to do so. Said notice shall be deemed delivered when received by counsel to the party in question, and shall specify the Confidential Information or sought to be disclosed in open court. Ten days after receipt as aforesaid of such notice, the party shall be permitted to disclose

the Confidential Information in open court in connection with the prosecution or defense of any claims or defenses asserted in this action, unless the Court orders to the contrary.

10. At the conclusion of this action, whether the action be settled, otherwise resolved prior to trial, or tried on the merits, all material which has been designated as Confidential Information and all copies thereof shall be promptly returned to the producing party, or at the written request of the producing party, shall be destroyed.

11. If any Confidential Information is disclosed by any Qualified Person(s) to any individual or entity who is not a Qualified Person, in addition to such other remedial measures as the Court may require, the party responsible for such disclosure shall ensure that such Confidential Information is promptly returned and not further disclosed.

12. All Confidential Information shall be stored under the direct control of counsel of the parties, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulation and Order.

13. If any Qualified Person shall receive a subpoena, court order, or other legal process, or any other form of notice that anyone seeks to compel or request the production of any Confidential Information, that party will promptly advise the party who produced said Confidential Information of such request or notice, which notice shall be given at least 72 hours before any such Confidential Information is produced.

14. This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of this Court and shall survive the termination of this action.

15. Notwithstanding any provision of this Stipulation and Order to the contrary, this Stipulation and Order shall not prohibit a party from disclosing any Confidential Information that

(a) that party has both disclosed in this proceeding on the public record prior to the entry of this order and designated as Confidential Information, or (b) is available and has been legitimately obtained by that party from a public source, or (c) has been legitimately obtained by the party outside this proceeding and in the ordinary course of its business.

16. The parties to this Action agree to be subject to the jurisdiction of this Court and bound by the terms of this Stipulation and Order.

Dated: New York, New York
September 16, 2009

**DAVIDOFF MALITO & HUTCHER LLP**
Attorneys for Defendants

By: _____
Mark E. Spund, Esq.
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200

**MORELLI RATNER PC**
Attorneys for Plaintiffs

By: _____
Martha McBrayer, Esq.

950 Third Avenue, 11th Floor
New York, New York 10022
(212) 751-9800

SO ORDERED:

_____
Denise Cote
Sept. 17, 2009

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does **NOT** so order ¶ 9 _____, which purports to authorize the parties to file documents under seal without a prior court order.

80058688